Argued and submitted April 1, affirmed June 8, petition for review denied September 1, 2022 (370 Or 212)

In the Matter of E. H.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. H.,
*Appellant.*

Douglas County Circuit Court
20JU05024; A176197

511 P3d 84

Jason R. Thomas, Judge.

Joel Duran, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Father appeals a judgment of jurisdiction over his daughter, E—16 years old at the time of the jurisdictional hearing—based on allegations that father had sexually abused E and that mother was unwilling/unable to protect E from sexual abuse. Father challenges the juvenile court's admission of two items of evidence—a video recording of an interview of E by police detectives and a Department of Human Services (DHS) caseworker, in which E detailed sexual abuse by father, and testimony by E's grandfather regarding statements E made to him that father had been raping her for at least six months. The court admitted that evidence on the basis that E was a party opponent and therefore her out-of-court statements were not hearsay under ORS 801(4)(b)(A).

A detailed discussion of the facts of the case would not benefit the bench, bar, or public. Suffice it to say that, even assuming that father preserved his arguments as to both items of evidence, the record supports a conclusion that E was aligned with parents, and adverse to DHS, on the allegation of father's sexual abuse. Thus, under the reasoning of *Dept. of Human Services v. G. D. W.*, 353 Or 25, 292 P3d 548 (2012), the juvenile court did not err in concluding that E's out-of-court statements were the statements of a party opponent and therefore admissible as nonhearsay under OEC 801(4)(b)(A) (providing that a statement is not hearsay if it is offered against a party and is the party's own statement).

Affirmed.